UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAMELA ERWIN,<br><br>    Petitioner,<br><br>v.<br><br>STATE OF NEVADA,<br><br>    Respondents. | Case No. 2:23-cv-00697-ART-NJK<br><br>ORDER |

  Pamela Erwin, an individual incarcerated at Nevada's Florence McClure Women's Correctional Center, initiated this action, *pro se*, on May 4, 2023, by submitting a motion for extension of time (ECF No. 1-2), a motion for appointment of counsel (ECF No. 1-3), and a request for submission of motion (ECF No. 1-1). It appears from her filings that it is Erwin's intention to file an application to proceed *in forma pauperis* and a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. She has not yet filed either.

  It appears from publicly available orders of the Nevada Court of Appeals that Erwin was convicted of second-degree murder, upon a plea of no contest, and the Nevada Court of Appeals affirmed her conviction and sentence on December 14, 2016. *See Erwin v. State*, 2016 WL 7378708 (Nev. Ct. App., December 14, 2016). Apparently, Erwin initiated a state habeas corpus action on June 13, 2016—before her conviction became final—and the Nevada Court of Appeals affirmed the denial of that petition on April 7, 2023. *See Erwin v. State*, 2023 WL 2861158 (Nev. Ct. App., April 7, 2023). Erwin initiated this action, albeit without filing a habeas petition, on May 4, 2023.

  In her motion for extension of time (ECF No. 1-2), Erwin asks for "an enlargement of time of 60 days," to July 3, 2023, "to file Notice of Appeal,

1

Application to Proceed *in Forma Pauperis* and Petition for the Writ of Habeas Corpus 2254."

To the extent Erwin means by her motion for extension of time to seek prospective equitable tolling of the one-year statute of limitations applicable to federal habeas petitions under 28 U.S.C. § 2244(d), the Court will deny her motion. It is unclear whether prospective equitable tolling of the statute of limitations is available (*see, e.g.*, *Burns v. Shinn*, 2022 WL 1540091 (D.Ariz., May 16, 2022) (discussing issue)), and, at any rate, Erwin makes no showing that equitable tolling is warranted.

The Court will, however, grant Erwin's motion to the extent she simply requests that the Court hold this case open until she files her *in forma pauperis* application and her habeas petition. The Court will grant Erwin time to file those documents and will direct the Clerk of the Court to send Erwin the forms that she will need for both.

The Court does not mean by this order to make any comment upon, or to affect in any manner, the operation of the statute of limitations in this case.

The Court will deny the request for submission of motion (ECF No. 1-1) as unnecessary; a request for submission of motion is not necessary to bring a motion before this Court for resolution.

The Court will not act upon the motion for appointment of counsel until Erwin files her *in forma pauperis* application and habeas petition.

If Erwin fails to file an *in forma pauperis* application and habeas petition within the time allowed, this action will be dismissed.

It is therefore ordered that Petitioner's motion for extension of time (ECF No. 1-2) is granted in part and denied in part, as is explained above.

It is further ordered that Petitioner's request for submission of motion (ECF No. 1-1) is denied, as unnecessary.

It is further ordered that Petitioner will have 90 days from the date of this order to file an application to proceed *in forma pauperis* and a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

It is further ordered that the Clerk of the Court is directed to send Petitioner:

- two copies of this order,
- two copies of the form for a state prisoner to apply to proceed *in forma pauperis* along with any available instructions regarding that form, and
- two copies of the form for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 along with any available instructions regarding that form.

DATED THIS 8th day of May, 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE