UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAMELA ERWIN,<br><br>              Petitioner,<br><br>v.<br><br>WILLIAM REUBART, *et al.*,<br><br>              Respondents. | Case No. 2:23-cv-00697-ART-NJK<br><br>ORDER |

       Pamela Erwin, an individual incarcerated at Nevada's Florence McClure Women's Correctional Center, initiated this action, *pro se*, on May 4, 2023. In an order entered on May 8, 2023 (ECF No. 3), the Court gave Erwin 90 days—until August 7, 2023 (August 6 was a Sunday)—to file an application to proceed *in forma pauperis* and a petition for writ of habeas corpus. On July 31, 2023, Erwin filed her habeas petition (ECF No. 4). Erwin did not file an application to proceed *in forma pauperis* by August 7, however, and on August 14, 2023, the Court, acting *sua sponte*, extended the time for Erwin to file an *in forma pauperis* application to October 13, 2023 (ECF No. 5). On September 7, 2023, Erwin filed an application to proceed *in forma pauperis* (ECF No. 6), but that application is incomplete because it does not include the required financial certificate. *See* LSR 1-2. Erwin included a note on her *in forma pauperis* application saying that she was in the process of obtaining a financial certificate and would file it when she received it; however, Erwin did not file the financial certificate, and she did not take any other action, by the October 13, 2023, deadline.

       The Court will, therefore, deny Erwin's September 7, 2023, *in forma pauperis* application and will set a new deadline for payment of the filing fee or a new application to proceed *in forma pauperis*, after counsel appears for her.

1

State prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances indicate that appointed counsel is necessary to prevent due process violations. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam)). The court may, however, appoint counsel at any stage of the proceedings if the interests of justice so require. *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196. It appears that appointment of counsel is warranted in this case. The Court will therefore grant Erwin's motion for appointment of counsel (ECF No. 1-3) and appoint the Federal Public Defender for the District of Nevada (FPD) to represent her.

The Court has examined Erwin's habeas petition (ECF No. 4) pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and determines that it merits service upon the Respondents. The Court will order the petition served upon the Respondents, and will direct the Respondents to appear, but will not require any further action on the part of the Respondents at this time.

It is therefore ordered that Petitioner's Application to Proceed *in Forma Pauperis* (ECF No. 4) is denied.

It is further ordered that the Clerk of the Court is directed to separately file the Motion for Appointment of Counsel (ECF No. 1-3).

It is further ordered that Petitioner's Motion for Appointment of Counsel (ECF No. 1-3) is granted. The Federal Public Defender for the District of Nevada (FPD) is appointed to represent Petitioner. If the FPD is unable to represent Petitioner, because of a conflict of interest or any other reason, alternate counsel will be appointed. Counsel will represent Petitioner in all federal court proceedings relating to this matter, unless allowed to withdraw.

It is further ordered that the Clerk of the Court is directed to electronically serve upon the FPD a copy of this order, together with a copy of the Petition for

Writ of Habeas Corpus (ECF No. 4).

It is further ordered that the FPD will have 30 days from the date of this order to file a notice of appearance, or to indicate to the Court its inability to represent Petitioner in this case.

It is further ordered that the Court will set a deadline for payment of the filing fee or the filing of a new *in forma pauperis* motion after counsel appears for Petitioner.

It is further ordered that the Clerk of the Court is directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the Attorney General only.

It is further ordered that Respondents will have 30 days from the date of this order to appear in this action. Respondents will not be required to respond to the habeas petition at this time.

It is further ordered that, pursuant to Federal Rule of Civil Procedure 25(d), William Reubart is substituted for "Gabriella Najara" as the respondent warden. The Clerk of the Court is directed to update the docket to reflect this change.

DATED THIS 26th day of October 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE