UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PAMELA ERWIN,

Petitioner,

v.

WILLIAM REUBART, *et al.*,

Respondents.

Case No. 2:23-cv-00697-ART-NJK

ORDER

I.   Introduction

In this habeas corpus action, brought by Pamela Erwin, who is incarcerated at Nevada's Florence McClure Women's Correctional Center, and who is represented by appointed counsel, the respondents have filed a motion to dismiss, arguing that two of Erwin's three claims are unexhausted in state court in whole or in part. (ECF No. 41.) The Court grants the motion in part and denies it in part, dismisses one of Erwin's claims, and sets a schedule for the respondents to file an answer.

II.   Background

On February 1, 2016, Erwin entered a plea agreement and pleaded no contest to second degree murder in Nevada's Sixth Judicial District Court (Humboldt County). (ECF No. 35-9.) Some twelve years before, Erwin had stabbed her husband Jim to death in their kitchen with their eight-year-old daughter, C.E., in her bedroom, and Erwin and a friend buried Jim's body in the desert. *See* ECF No. 27 at 2 (Erwin's description of murder). Erwin was sentenced to life in prison with the possibility of parole after ten years. (ECF No. 35-13.) The amended judgment of conviction was filed on April 4, 2016. (*Id.*)

Erwin appealed (*see* ECF No. 35-23 (Erwin's opening brief)), and the Nevada Court of Appeals affirmed on December 14, 2016. (ECF No. 36-1.)

On November 22, 2019, Erwin filed a *pro se* post-conviction petition for a writ of habeas corpus in the state district court. (ECF No. 36-15.) The court appointed counsel, and with counsel Erwin filed a supplemental habeas petition on July 23, 2020. (ECF Nos. 36-15, 36-21.) The court held an evidentiary hearing on March 24, 2022. (ECF No. 37-6.) The court denied Erwin's petition in an order filed on April 5, 2022. (ECF No. 37-7.) Erwin appealed (*see* ECF No. 37-20 (Erwin's opening brief)), and the Nevada Court of Appeals affirmed the denial of her petition on April 7, 2023. (ECF No. 37-29.)

Erwin initiated this federal habeas corpus action on May 3, 2023. (ECF No. 1.) Her *pro se* petition for writ of habeas corpus was filed on July 31, 2023. (ECF No. 4.) The Court appointed counsel (ECF No. 9), and with counsel Erwin filed a first amended habeas petition on April 29, 2024 (ECF No. 19) and a second amended petition on October 3, 2024 (ECF No. 27). In her second amended petition—her operative petition—Erwin asserts three claims of violations of her federal constitutional rights:

> Ground 1: "Erwin's attorney ineffectively failed to investigate or present any mitigation at Erwin's sentencing in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution."
>
> Ground 2: "Erwin's sentence of life with the possibility of parole violated her right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution."
>
> Ground 3: "Appellate counsel was ineffective when he failed to file a brief which supported the appellate arguments in violation of the Fifth and Fourteenth Amendments to the United States Constitution."

(ECF No. 27.)

Respondents filed their motion to dismiss on April 16, 2025. (ECF No. 41.) Erwin filed an opposition to that motion, and Respondents filed a reply. (ECF Nos. 43, 45.)

III.    Exhaustion and Procedural Default

A federal court will not grant a state prisoner's petition for a writ of habeas corpus unless the petitioner has exhausted available state remedies for all claims raised. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982). A petitioner must give the state courts a fair opportunity to act on each claim before presenting it in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

The Supreme Court has recognized that under certain circumstances it may be appropriate for a federal court to anticipate a state-law procedural bar of an unexhausted claim, and to treat such a claim as technically exhausted but subject to the procedural default doctrine. That is, "[a]n unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). The effect of a procedural default is as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" her efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the question of prejudice, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his

actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982). In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court ruled that ineffective assistance of post-conviction counsel may serve as cause, to overcome the procedural default of a claim of ineffective assistance of trial counsel.

A.    Ground 1

In Ground 1, Erwin claims that her trial counsel was ineffective for failing to investigate or present mitigation evidence at her sentencing. (ECF No. 27 at 5–9.) Specifically, Erwin claims that her trial counsel was ineffective for failing to investigate or present: evidence concerning her difficult childhood; evidence that she was abused by Jim; evidence that she suffered from posttraumatic stress disorder and battered woman's syndrome; and evidence that Erwin did not abuse C.E. (*See* (ECF No. 27 at 6–7.) In the motion to dismiss, Respondents argue that the first part of Ground 1—the claim that Erwin's trial counsel was ineffective for failing to investigate and present evidence of her difficult childhood—is unexhausted in state court. (ECF No. 41 at 5–6.)

In her opening brief on the appeal in her state habeas action, Erwin argued that her trial counsel was ineffective for not investigating or presenting mitigating evidence regarding her childhood. (ECF No. 37-20 at 27–28.) However, Erwin had not asserted such a claim in the state district court, so the Nevada Court of Appeals ruled the claim procedurally barred:

> Erwin argues for the first time on appeal that counsel was ineffective for failing to present mitigating evidence that she suffered a traumatic childhood. This claim was not raised in her petition below, and we decline to consider it for the first time on appeal. *See McNelton v. State*, 115 Nev. 396, 415–16, 990 P.2d 1263, 1275–76 (1999).

ECF No. 37-29 at 3.

Therefore, Erwin did exhaust the disputed part of Ground 1 on the appeal in her state habeas action, but the claim is procedurally defaulted. Erwin argues in her opposition to the motion to dismiss that she can overcome the procedural default under *Martinez*, by showing that her state post-conviction counsel was ineffective for not asserting the claim in her state habeas petition. (ECF No. 43 at 5–7.) The Court determines, however, that the *Martinez* analysis is intertwined with the merits of the claim, such that it will be better addressed after the Court receives Respondents' answer and Erwin's reply. The Court will therefore deny Respondents' motion to dismiss the disputed part of Ground 1, without prejudice to Respondents asserting the procedural default defense to that part of Ground 1 in their answer, along with argument regarding the merits of Ground 1.

B.      Ground 2

In Ground 2, Erwin claims that her sentence of life in prison with the possibility of parole after ten years is cruel and unusual punishment in violation of her rights under Eighth Amendment to the United States Constitution. (ECF No. 27 at 9–10.) Respondents argue that this claim is unexhausted in state court. (ECF No. 41 at 6.)

In her second amended petition in this case, Erwin claimed that she exhausted Ground 2 in state court on her direct appeal. (ECF No. 27 at 10.) But Erwin appears to have abandoned that argument; she does not mention it in her opposition to the motion to dismiss. (*See* ECF No. 43 at 7–8.) And, at any rate, in Erwin's opening brief on her direct appeal, she argued that the trial court abused its discretion under state law in sentencing her to a life sentence, but she did not assert that her sentence violated her rights under the Eighth Amendment. (*See* ECF No. 35-23 at 4, 6.)

Erwin argues that she asserted Ground 2 in her state habeas action. (ECF No. 43 at 7–8.) But that is not so. In her supplemental state habeas petition, Erwin asserted only claims of ineffective assistance of counsel; she did not assert

a claim of cruel and unusual punishment in violation of the Eighth Amendment. (*See* ECF No. 36-21.) Erwin's statement of the issues in her supplemental state-court petition was as follows:

> All claims raise[d] herein are raised under the legal theory that appellate and trial counsel were ineffective under the 6th & 14th Amendments to the United States Constitution in that:
>
> Petitioner was deprived of effective assistance of counsel within the meaning of the 6th and 14th Amendments to the United States Constitution.
>
> ARGUMENT
>
> Ground one: Inadequate investigation prior to the sentencing proceeding occurring. Petitioner believes that a mental health evaluation, Battered Woman's Syndrome evidence, and a substance abuse evaluation should have been presented to the Court to demonstrate that Petitioner was amenable to treatment, could live peacefully within society's rules and did not need a life parole term over her head in order to live within society's rules. Counsel failed to prepare for the statement of [C.E.] to the sentencing court. It is anticipated that [C.E.] will recant much of her sentencing hearing testimony. Counsel was ineffective under the Confrontation Clause and Due Process Clause of the Constitution, in violation of the 5th, 6th, & 14th Amendments.
>
> Ground Two: Counsel was ineffective at the sentencing stage of the case by failing to adequately mitigate sentence, failing to present expert testimony on the mental health issues and substance abuse issues suffered by Petitioner and how those mental health issues could be treated by appropriate mental health medications, in violation of the 5th, 6th & 14th Amendments to the United States Constitution. Counsel was ineffective for failing to bring forth evidence of Battered Women's Syndrome as Petitioner was a repeat victim of domestic abuse by the victim of this case.
>
> Ground Three: Petitioner was denied effective assistance of counsel on direct appeal. The brief in this case included only one page of argument. Petitioner would have won sentencing arguments on appeal to gain a new sentencing proceeding if counsel had been effective on direct appeal.

(*Id.* at 5–6.) There was no Eighth Amendment claim. After her petition was denied by the state district court, Erwin appealed, and she stated the issues in her opening brief as follows:

> 1. The district court's order dismissing the petition for writ of habeas corpus (post-conviction) constituted an abuse of discretion. Dismissal violated the due process rights of Petitioner under the

Fifth and Fourteenth Amendments. Counsel was ineffective under the Sixth and Fourteenth Amendments.

2. Trial counsel was ineffective at the sentencing stage of the case when trial counsel failed to adequately investigate and present mitigation evidence, in violation of the 6th & 14th Amendments right to effective assistance of counsel.

3. Appellate counsel was ineffective on direct appeal, prejudicing Appellant and depriving her of her right to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution.

(ECF No. 37-20 at 8.) So, there was still no Eighth Amendment claim mentioned. In fact, in her second amended petition in this case, Erwin describes the issues raised on the appeal in her state habeas action in essentially the same manner, with no mention of an Eighth Amendment claim:

Butko [Erwin's counsel on the appeal in her state habeas action] filed a notice of appeal. She filed an opening brief raising the following grounds for relief:

1. The district court's order dismissing the petition for writ of habeas corpus constituted an abuse of discretion. Dismissal violated the due process rights of the petitioner under the Fifth and Fourteenth Amendments. Counsel was ineffective under the Sixth and Fourteenth Amendments.

2. Trial counsel was ineffective at the sentencing stage of the case when trial counsel failed to adequately investigate and present mitigation evidence, in violation of the Sixth and Fourteenth Amendment right to effective assistance of counsel.

3. Appellate counsel was ineffective on direct appeal, prejudicing Appellant and depriving her of her right to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution.

ECF No. 27 at 4 (footnotes citing state-court record omitted).

Nevertheless, Erwin argues that she asserted her Eighth Amendment claim on the appeal in her state habeas action. (ECF No. 43 at 7–8.) Erwin points to the following arguments, made in the context of the state-law abuse-of-discretion claim that she asserted in her opening brief on that appeal:

The sentence in this particular crime is excessive, offensive and violates the Eighth Amendment prohibition against cruel and unusual punishment. *See also* Nev. Const. art. 1, § 6.

In the federal court system, a substantively reasonable sentence is one that is "sufficient, but not greater than necessary" to accomplish 18 § 3553(a)(2)'s sentencing goals. 18 U.S.C. § 3553(a); *see, e.g., United States v. Vasquez-Landaver*, 527 F.3d 798, 804–05 (9th Cir. 2008). This sentence was in excess of that needed for society's interests. *See United States v. Rita*, 551 U.S. 338, 127 S.Ct. 2456, 2468–69 (2007). This Court must proceed to review the reasonableness of the available sentence. *See United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006).

\* \* \*

The Eighth Amendment does not require strict proportionality between crime and sentence, if forbids only extreme sentences that are "grossly disproportionate" to the crime. A sentence that is within the statutory limits is not cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience. *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996); *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (plurality opinion).

(ECF No. 37-20 at 22–24.) While those arguments did invoke the Eighth Amendment, they did so only in the context of a claim that the state district court erred in dismissing—denying, actually—claims of ineffective assistance of counsel. *See id.* Those arguments were not such as to notify the state appellate court that Erwin asserted a separate substantive Eighth Amendment claim. Erwin did not give the state courts a fair opportunity to act on any such claim. Understandably, the Nevada Court of Appeals made no mention of an Eighth Amendment claim in its order of affirmance; surely, that court did not understand such a claim to be asserted. (*See* ECF No. 37-29.)

In the alternative, even if Erwin's opening brief on the appeal in her state habeas action could be construed as asserting a freestanding Eighth Amendment claim—this Court rules that it cannot—such a claim would have been procedurally barred, as it should have been asserted on direct appeal. *See* NRS 34.810(1)(b)(2); *see also Moran v. State*, 474 P.3d 853 (table), 2020 WL 6336062, at \*1 (Nev. Oct. 28, 2020) (unpublished opinion); *Elliot v. State*, 281 P.3d 1169

(table), 2009 WL 1470505, at *1 (Nev. Mar. 5, 2009) (unpublished opinion); *see also Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003); *Moran v. McDaniel*, 80 F.3d 1261, 1270 (9th Cir. 1996).

The Court determines, then, that Erwin has never properly presented Ground 2 in state court. And because Erwin concedes that a further habeas petition in state court would now be ruled procedurally barred (*see* ECF No. 43 at 5) Ground 2 is technically exhausted but subject to the procedural default doctrine. Erwin makes no argument that she can overcome the procedural default of Ground 2. (*See id.* at 7–8.) The Court therefore dismisses Ground 2 as procedurally defaulted.

IV.    Conclusion

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 41) is granted in part and denied in part. Ground 2 of Petitioner's Second Amended Petition for Writ of Habeas Corpus is dismissed. In all other respects the Motion to Dismiss is denied.

It is further ordered that Respondents will have 90 days from the date of entry of this order to file an answer to Petitioner's Second Amended Petition for Writ of Habeas Corpus. In all other respects, the schedule for further proceedings set forth in the order entered December 1, 2023 (ECF No. 12) remains in effect.

DATED THIS 2nd day of March, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE